**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

ELLA CLINTON, a Florida resident, WILLIAM CARRICK, a Florida resident, HOWARD ROSEN, a California resident, TERRI L. STAUFFER-SCHMIDT, an Arizona resident, DONALD P. COX and MARTHA E. MILLER COX, Arizona residents, WAI HEE YUEN, an Arizona resident, MICHAEL A. WEBBER, an Illinois resident, individually and on behalf of themselves and others similarly situated,

Plaintiffs,

vs.

SECURITY BENEFIT LIFE INSURANCE COMPANY, a Kansas corporation,

Defendant.

Case No. 5:20-cv-04038-HLT-RES

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT SECURITY BENEFIT LIFE
INSURANCE COMPANY'S MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendant Security Benefit Life Insurance Company ("SBL") submits this reply to briefly

address Plaintiffs' opposition [Dkt. 399] to SBL's motion for leave to file a sur-reply [Dkt. 378].

First, Plaintiffs claim that their third-party reliance arguments are not new because they

were purportedly the "focus" of Plaintiffs' motion for class certification. Dkt. 399 at 2. The only

third-party reliance argument that Plaintiffs cursorily noted in their opening brief, however, was

that an independent producer's purported reliance on "SBL's backcasting" could somehow cause

harm to Plaintiffs and putative class members.[1] Plaintiffs offered no analysis of how a putative

---

[1] Dkt. 261 at 30-31 (stating that "[c]ommon evidence can show that having 'adequate knowledge' of the Synthetic Indices, and explaining their 'market risk,' requires a producer to understand (and explain) the 'spread,' the 'index cost,' the 'servicing cost,' and the different return structures (*i.e.*, total return vs. price return vs. excess return) of the indices—*none of which a producer could do without adequate knowledge of the potential performance of an index. The only information about index performance a producer could rely on was SBL's backcasting.*" (emphasis added)).

1

class member's harm could be caused by their producer's theoretical reliance on backcasted index values and offered no evidence that all producers (or any producer for that matter) in fact relied on "SBL's backcasting" in connection with annuity sales. *See* Dkt. 261 at 30-31.

After SBL conclusively established in its class certification opposition that materials containing backcasted information were optional and that SBL did not require producers to use or present such information to prospective purchasers [Dkt. 311 at 16, 31-33], Plaintiffs pivoted away from their opening backcasting reliance theory to improperly advance several new, broader arguments in their class certification reply. Those new arguments contend that producers relied on a broader scope of "deceptive material from SBL," "misleading statements regarding the superiority of the Synthetic Indices" and "material information" about the index crediting options at issue. Dkt. 333 at 5-7. In other words, while Plaintiffs' opening brief was narrowly focused on reliance by producers on backcasting, Plaintiffs' reply introduced, for the first time, third-party reliance arguments that implicate a broader set of materials and information that Plaintiffs did not raise in their opening brief. Thus, Plaintiffs' arguments are new, and SBL should have the opportunity to respond through its sur-reply.[2]

Second, Plaintiffs' reliance on *James v. Boyd Gaming Corp.*, 522 F. Supp. 3d 892 (D. Kan. 2021), is misplaced. Plaintiffs claim that *James* deprives SBL of the opportunity to respond to their new cases because those cases merely support a legal theory already raised in their opening brief.

---

[2] Although not the subject of SBL's proposed sur-reply, Plaintiffs also claim that their causation theory "that the annuities would not [have] been sold at all but for SBL's scheme" is not new. Dkt. 399 at 2. As SBL noted in its motion for leave, this theory is premised on the strained notion that all policyholders suffered legally cognizable, fraud-based harm by virtue of simply purchasing the annuities at issue (regardless of what, if any, written marketing materials were provided to them, what influenced each of their purchases, or any other circumstances regarding their individual sales transactions) because the annuities were available in the stream of commerce. Dkt. 378 at 4 n.5. As SBL has already established, however, this theory had not previously been the "focus" of Plaintiffs' case (and bears no resemblance to the theories argued before the 10th Circuit in Plaintiffs' appeal of the Court's order regarding SBL's motion to dismiss) and is also legally and factually baseless as a purported "causation" theory for a fraud-based RICO claim. *See* Dkt. 371; Dkt. 373 at 2-6.

Dkt. 399 at 3. In *James*, however, the court denied leave to file a sur-reply to address new cases because it concluded that those cases addressed arguments that defendants raised in their opposition. *See* 522 F. Supp. 3d at 905 (denying sur-reply because plaintiff's new cases were responding to arguments raised in defendants' response). Here, Plaintiffs do not assert that their citations to and discussion of *EpiPen,*[3] *Neurontin,* and *Avandia* address any arguments that SBL made in its class certification opposition. This Court should permit a sur-reply for this reason alone. *See United States ex rel. State Eng'r v. A & R Prods.*, No. CV 01-0072 MV/JHR, 2021 U.S. Dist. LEXIS 162473, at *16 (D.N.M. Aug. 27, 2021) (citing *Green v. New Mexico*, 420 F.3d 1189, 1196 (10th Cir. 2005)) (holding that "[a] surreply should be permitted where legal arguments in the reply brief go beyond pointing out the defects in the response brief").

Finally, Plaintiffs do not dispute that their class certification reply relies on new producer deposition testimony not available when SBL filed its class certification opposition. *See* Dkt. 399. Plaintiffs also do not even attempt to claim that the selectively cited producer deposition testimony responds to any arguments SBL raised in its class certification opposition. *See id.* Instead, Plaintiffs maintain that they had the right to introduce this new evidence and foreclose any opportunity for SBL to respond based on language in SBL's May 2, 2025 motion to extend the deadline to serve supplemental disclosures. *See id.* at 4. This contention is both absurd and misleading.

That May 2, 2025 motion, and SBL's statement that it would work in good faith to ensure Plaintiffs would have the opportunity to depose producers before Plaintiffs' class certification reply, pertained to producers SBL had not yet identified at the time of the May 2, 2025 motion. Dkt 245 at 2-3; 9. The May 2, 2025 motion had nothing to do with the producers that SBL had

---

[3] Plaintiffs claim that their citation to *EpiPen* in their opening brief precludes SBL from responding to Plaintiffs' discussion of it in their class certification reply. Plaintiffs, however, did not cite *EpiPen* in their opening brief to support a third-party reliance argument. *See* Dkt. 261 at 20, 29, 31.

already identified (*i.e.*, the four producers who ultimately submitted declarations and were deposed in this action); they had already been disclosed to Plaintiffs. In fact, producer Dennis Stewart was disclosed on March 11, 2020, *over five years* before Plaintiffs filed their class certification motion; producers Reynaldo Cruz and David Much were disclosed on February 28, 2025, over three and a half months before Plaintiffs filed their class certification motion; and producer Matthew Copley was disclosed on May 2, 2025, approximately one and a half months before Plaintiffs filed their class certification motion. *See* Ex. A at 3, 5; Ex. B at 5-6; Ex. C at 6, 8.[4] None of these producers were the subject of SBL's May 2, 2025 motion for an extension to identify additional producers, and no additional producers were identified after May 2, 2025.[5]

Moreover, Plaintiffs tactically delayed the depositions of the disclosed producers, ostensibly to prevent SBL from incorporating the producer deposition testimony in its class certification opposition. Plaintiffs originally subpoenaed the producers for depositions scheduled to occur in early June 2025, before Plaintiffs' class certification motion was due and well before SBL's class certification opposition was due. *See* Dkt. 251-2, 252-2, 254-2. Plaintiffs then unilaterally rescheduled those depositions to the end of August 2025, which put those depositions *after* SBL's then-August 15, 2025 deadline to file its class certification opposition. *See* Ex. E. The depositions, however, did not go forward at the end of August 2025. After the Court granted SBL's July 2025 request to extend the deadline to file its class certification opposition to the end of

---

[4] Exhibits referenced herein are attached to this motion.

[5] Plaintiffs also claim that SBL should not be given the opportunity to address the new producer deposition testimony, because SBL did not provide producer declarations to Plaintiffs until June 27, 2025, which Plaintiffs claim was two weeks after Plaintiffs filed their class certification motion. What Plaintiffs conveniently omit is that they did not even propound requests for producer declarations until May 2025, despite knowing the identities of the producers before then. *See* Ex. D. SBL timely produced the producer declarations in response to those belated requests. Plaintiffs' argument also does not explain why Plaintiffs waited approximately four months to depose the producers after receiving those declarations or why Plaintiffs did not depose the producers until after SBL submitted its class certification opposition.

September 2025, Plaintiffs again unilaterally rescheduled the producer depositions from August 2025 to the end of October 2025. *See* Ex. F. This was apparently so that the depositions would occur *after* SBL submitted its class certification opposition, precluding SBL from incorporating the testimony into its opposition. This Court should not condone such tactics, which were clearly designed to prejudice SBL by preventing it from submitting highly relevant producer deposition testimony that substantially undercuts Plaintiffs' claims regarding common sales presentations and classwide reliance on SBL's materials by putative class members or their producers. The Court should thus grant SBL leave to file its sur-reply to eliminate the prejudice resulting from Plaintiffs' tactics and to ensure that the Court decides Plaintiffs' motion for class certification on a complete record. *See Ardent Mills, LLC v. Archer-Daniels-Midland Co.*, No. 12–2171–EFM, 2014 WL 7236760, at *2 n.13 (D. Kan. Dec. 17, 2014) (granting sur-reply to mitigate prejudice from arguments raised for the first time in reply); *Lavigne v. First Cmty. Bancshares, Inc.*, Civil No. 1:15-cv-00934-WJ/LF, 2018 WL 1568726, at *1–2 (D.N.M. Mar. 29, 2018) (finding any prejudice from new arguments on reply are cured by granting leave to file a sur-reply).

Respectfully submitted,

**FOULSTON SIEFKIN LLP**

*s/ Holly A. Dyer*
Holly A. Dyer, KS #16644
Tel: 316-267-6371
Fax: 316-267-6345
hdyer@foulston.com
1551 N. Waterfront Parkway, Suite 100
Wichita, KS 67206

Anthony F. Rupp KS #11590
Jacob T. Schmidt, KS #28917
Tel: 913-498-2100
Fax: 913-498-2101
7500 College Blvd., Ste. 1400

5

Overland Park, KS 66210
trupp@foulston.com
jschmidt@foulston.com

**ALSTON & BIRD LLP**

Robert D. Phillips, Jr., *pro hac vice*
Samuel J. Park, *pro hac vice*
Gillian H. Clow, *pro hac vice*
Jonathan J. Kim, *pro hac vice*
Tel: 213-576-1000
Fax: 213-576-1100
350 South Grand Avenue, 51st Floor
Los Angeles, CA 90071
Bo.Phillips@alston.com
Samuel.Park@alston.com
Gillian.Clow@alston.com
Jonathan.Kim@alston.com

Kristin A. Shepard*, pro hac vice*
Michael A. Valerio*, pro hac vice*
Tel: 202-239-3300
Fax: 202-239-3333
950 F Street, NW
Washington, DC 20004
Kristin.shepard@alston.com
Michael.valerio@alston.com
*Attorneys for Defendant, Security Benefit Life*
*Insurance Company*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 13th day of March, 2026, I presented the foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system that will send notice of electronic filing to all counsel of record.

<u>*/s/ Holly A. Dyer*</u>
Holly A. Dyer, KS #16644

6